**BALTIMORE & O. R. CO. et al. v. UNIT-
ED STATES et al.**

No. 6048.

Circuit Court of Appeals, Third Circuit.

Jan. 12, 1937.

John W. Huxley, Jr., of Wilmington, Del., Carleton W. Meyer, of New York City, Ward & Gray, of Wilmington, Del., Joseph F. Eshelman, of Philadelphia, Pa., and Francis R. Cross, of Baltimore, Md. (Clarence A. Southerland, of Wilmington, Del., of counsel), for appellants.

J. Stanley Payne and Elmer B. Collins, both of Washington, D. C., for appellees.

Before DAVIS and THOMPSON, Circuit Judges, and MARIS, District Judge.

MARIS, District Judge.

This is a suit in equity by the plaintiffs to enjoin, set aside, annul, and suspend certain orders of the Interstate Commerce Commission. The orders sought to be set aside included a rate order and also several reparation orders entered by the Commission in the same proceeding. The suit was brought under the act making appropriations to supply urgent deficiencies in appropriations for the fiscal year 1913, and for other purposes, approved October 22, 1913, 38 Stat. 219, and was heard by a district court composed of three judges. The district court dismissed the bill for want of equity. The plaintiffs appealed to this court, and the defendants have moved to dismiss the appeal on the ground that it should have been taken directly to the Supreme Court, this court not having jurisdiction.

The Commerce Court Act of June 18, 1910, 36 Stat. 539 (now 28 U.S.C.A. § 41 (27, 28), vested the following jurisdiction in the Commerce Court which it created:

"First. All cases for the enforcement, otherwise than by adjudication and collection of a forfeiture or penalty or by infliction of criminal punishment, of any order of the Interstate Commerce Commission other than for the payment of money.

"Second. Cases brought to enjoin, set aside, annul, or suspend in whole or in part any order of the Interstate Commerce Commission."

The Urgent Deficiencies Act of 1913 abolished the commerce court and transferred its jurisdiction to the district courts (38 Stat. 219). The act further provided that interlocutory injunctions suspending or setting aside an order of the Commission should be granted only by district courts composed of three judges (28 U.S.C.A. § 47), at least one of whom should be a circuit judge. The act further provided that appeals from the interlocutory or final judgments or decrees of the district courts should be taken directly to the Supreme Court (28 U.S.C.A. § 47).

The Act of February 13, 1925, 43 Stat. 938, § 1, amended section 238 of the Judicial Code (28 U.S.C. § 345 [28 U.S.C.A. § 345]), inter alia, as follows:

"Sec. 238. A direct review by the Supreme Court of an interlocutory or final judgment or decree of a district court may be had where it is so provided in the following Acts or parts of Acts, and not otherwise: * * *

"(4) So much of 'An Act making appropriations to supply urgent deficiencies in appropriations for the fiscal year 1913, and for other purposes,' approved October 22, 1913, as relates to the review of interlocutory and final judgments and decrees in suits to enforce, suspend, or set aside orders of the Interstate Commerce Commission other than for the payment of money."

Section 128 of the Judicial Code (28 U.S.C. § 225 [28 U.S.C.A. § 225]) provides that the circuit courts of appeal shall have appellate jurisdiction to review final decisions of the district courts "in all cases save where a direct review of the decision may be had in the Supreme Court under section 238 [section 345 of title, 28 U.S. C.]."

The question here involved is whether under the act of 1925 amending section 238 of the Judicial Code the Supreme Court has jurisdiction of an appeal from the decree of the court below in this case. If it does, then this court has no jurisdiction of the appeal and it must be dismissed. If, on the other hand, under the act of 1925 the Supreme Court does not have jurisdiction of an appeal in a case of this kind, then under section 128 of the Judicial Code this court does have jurisdiction of the appeal. This question in turn depends upon whether Congress intended by the language used in paragraph (4) of section 238 as amended to confer upon the Supreme Court appellate jurisdiction in all cases in which jurisdiction was conferred upon the district courts by the Urgent Deficiencies Act. Since that act conferred upon the district courts all the jurisdiction originally conferred upon the commerce court, the question comes down to whether the language of paragraph (4) is intended to be descriptive of the jurisdiction conferred upon the commerce court by the act of 1910, above quoted, or whether it is intended to exclude from the jurisdiction of the Supreme Court certain cases involving orders for the payment of money which were within the jurisdiction of the commerce court.

We think that the Supreme Court has clearly answered this question in St. Louis & O'Fallon R. Co. v. U. S., 279 U.S. 461, 481, 482, 49 S.Ct. 384, 386, 387, 73 L.Ed. 798. That case was an appeal from a three-judge district court and, while it did not involve a reparation order of the Commission, it did involve an order which was in part for the payment of money, namely, for the payment by the railroad to the Commission of one-half of its excess income under section 15a of the Interstate Commerce Act (49 U.S.C.A. § 15a). On the question of appellate jurisdiction the Supreme Court said, in interpreting paragraph (4) of section 238, that it "applies to all those causes formerly cognizable by the Commerce Court and reviewable here. The words 'other than for the payment of money' were taken from clause first, Act of 1910, above quoted, and, as there, they delimit the trial court's jurisdiction. They do not inhibit review here of any cause formerly cognizable by the Commerce Court." The Supreme Court significantly added: "Moreover, the order under consideration was not merely for payment of money; and the proceeding below was to set aside, not to enforce it." The court could only have meant by this to make clear that the clause "other than for the payment of money" as used in section 238 referred only to proceedings to enforce Commission orders and not to those seeking to set them aside, even though the language of the section as written is capable of the contrary construction.

But, even if it were possible to construe section 238 of the Judicial Code, as amended by the act of 1925, to deny to the Supreme Court jurisdiction of appeals from three-judge district courts in suits to suspend or set aside orders of the Commission for the payment of money, we would still be compelled to dismiss the appeal in this case. We fully agree with the conclusion of the three-judge district court in Brady v. Interstate Commerce Commission (D.C.) 43 F.(2d) 847, affirmed per curiam Brady v. U. S., 283 U.S. 804, 51 S.Ct. 559, 75 L. Ed. 1424, that neither the commerce court nor the three-judge district courts which succeeded it had jurisdiction to enjoin, set aside, annul, or suspend reparation orders of the Interstate Commerce Commission. The court below was therefore entirely without jurisdiction to entertain the prayers of the bill relating to the reparation orders; consequently the improper inclusion of these prayers in a bill brought to set aside

a rate order could not operate to oust the jurisdiction of the Supreme Court as to the latter under section 238.

Appeal dismissed for want of jurisdiction.